# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RASA Energy, Inc., and Activate Clean Energy, LLC.<br><br>          Plaintiffs,<br><br>   v.<br><br>Valkor LLC., Valkor Oil and Gas LLC, John Doe #1-10, Unknown Individual(s), and John Doe, Inc. #1-10, Unknown Entity(ies)<br><br>          Defendants. | **Civil Action No.**<br><br><br>**EXHIBIT A: DECLARATION OF DR. DAVID E. MARTIN, CEO OF RASA ENERGY, INC., AND ACTIVATE CLEAN ENERGY, LLC** |

I, **DR. DAVID E. MARTIN**, declare under penalty of perjury that the facts set forth below are true to the best of my knowledge, information and belief:

1. I am the Chief Executive Officer of RASA Energy, Inc. ("RASA"), a corporation duly registered and existing under the laws of the State of Delaware, with its principal place of business located at 2380 Eastman Avenue, Suite 180, Oxnard, CA 93030.

2. I am also the Chief Executive Officer of Activate Clean Energy LLC ("ACE"), which is a limited liability company duly registered and existing under the laws of the State of Delaware, with its principal place of business

1

located at 2380 Eastman Avenue, Suite 180, Oxnard, CA 93030.

3. ACE is a technology developer with a particular technology directed towards tar sand processing.

4. RASA is a developer of a mobile unit for tar sands extraction, and a technology licensee of Activate Clean Energy LLC ("ACE").

5. ACE is the successor of interest of all rights to a promissory note in the amount of $500,000.00 ("Promissory Note"), which was issued by Valkor as part of the payment for a $500,000.00 loan that was extended to Valkor on November 1, 2022 ("Loan"). The maturity of the Promissory Note has long passed, and the Loan was never repaid leading the Loan to be in default. *See Exhibit 1, the "Promissory Note"*.

6. Valkor LLC is a company registered and existing under the laws of the State of Nevada, with its principal place of business located at Woods Cross, Utah. Valkor Oil and Gas LLC is a company registered and existing under the laws of the State of Texas as of August 30th, 2018, with its principal place of business located at 21732 Provincial Blvd. Ste. 160, Katy, TX 77450, and registered as a foreign entity in the State of Utah. Valkor LLC, Valkor Oil and Gas LLC, and all other individuals and/or entities currently unknown (collectively "Valkor" and/or "Defendant(s)")

7. Valkor has process engineering capabilities and experience in tar sand

2

extraction and production.

8. On April 19, 2024, Plaintiffs and Valkor entered into a Tar Sands Service & Debt Settlement Agreement ("Agreement"). *See Exhibit 2, the "Tar Sands Service & Debt Settlement Agreement".*

9. The Agreement was intended to amicably settle the Promissory Note defaulted by Valkor by converting sixty percent (60%) of the face value of the Promissory Note ($300,000.00) into a pre-payment for services to be provided to RASA by Valkor, with the date of prepayment set to be July 1, 2024 ("Services") and the remainder of forty percent (40%) of the Promissory Note ($200,000.00) to be recouped by Plaintiffs from revenue from production followed by a revenue share between the parties. *See Exhibit 2, the "Tar Sands Service & Debt Settlement Agreement".*

10. Services according to the Agreement include:

   (i) Mobile Unit Location: Valkor shall provide a suitable location for the operations of an ACE Mobile Unit providing road access for personnel and offtake, sufficient space for the unit, accessories, storage, offloading and parking for personnel, reasonable access to electricity, water, and fuel. ACE/RASA shall be responsible for all operations, maintenance, cleanup, product takeaway, and other matters associated with the operations. ACE/RASA shall further be responsible for all operating

    costs of the ACE Mobile Unit.

(ii)  Ore Supply: The Mobile Unit Location shall have a valid mining permit and Valkor shall mine, crush and supply ore sufficient for operations, up to 75 tons per day, for a period of six months, with additional ore provided at $15 per ton, unless otherwise agreed.

(iii)  Lease Assignment: Valkor shall assign to RASA one tract tar sand lease (the "Tract") from one of the following locations: (1) The tar sand lease in Township T6S Range R22E, in 06 to the West of Bonanza Highway under SITLA Lease ML 54066-OBA, or (2) Lease ML 53918 or (3) ML 539807 or a Tract selected from some contiguous combination of the three locations. Plaintiffs may select the Tract at its preference within this area. Plaintiffs may get a reserves report for this Tract, with information and assistance provided by Valkor. If the amount of recoverable reserves is less than 5,000,000 bbls of tar sands resources in that Tract, Plaintiffs may request and Valkor shall assign a further tract adjacent thereto. Valkor shall provide reasonable assistance to enable ACE/RASA to permit and mine this resource after the above ore supply agreement expires. *See Exhibit 2, the "Tar Sands Service & Debt Settlement Agreement".*

11.  The Agreement states that 20% of the revenue from the production of the

4

Plaintiffs mobile unit was to be split with Valkor's share being applied against the remaining balance of the Promissory Note until the note was fully paid, after which time, Valkor's revenue split would be paid to Valkor on a monthly or quarterly basis. *See Exhibit 2, the "Tar Sands Service & Debt Settlement Agreement".*

12. The term of the Agreement is 18 months from the effective date of the Agreement. *See Exhibit 2, the "Tar Sands Service & Debt Settlement Agreement".*

13. The Agreement states, in part:

    "This Agreement is governed by and must be construed in accordance with the laws of the State of Texas without regard to any conflict of laws provisions that would have the effect of applying the law of another state or jurisdiction. Any disputes arising hereunder shall be submitted exclusively to any court of competent jurisdiction located in Texas."

*See Exhibit 2, the "Tar Sands Service & Debt Settlement Agreement".*

14. Valkor wrongfully terminated the Agreement via an email notice on June 19, 2024. *See Exhibit 4, the "Termination of Contract".*

15. Defendant failed to provide RASA a suitable location for its operation of its Mobile Unit in material breach of the terms of the Agreement.

16. Valkor failed to provide RASA sufficient supply of tar sands for its operation of its Mobile Unit of up to 75 tons per day in material breach of the terms of the Agreement.

5

17. Valkor failed to assign to RASA the tar sand lease rights to the Tract.

18. As part of the negotiation and implementation phases of the Agreement, Valkor had repeatedly represented to Plaintiffs that Valkor had the required rights relative to the Crown Mine, including rights to Crown Mine tar sands supplies, mining rights of tar sands, and operational rights to mine, crush and supply to RASA up to 75 tons of ore per day.

19. Relying on Valkor's representations, Plaintiffs decided to move their business interest forward in accordance with Valkor's representations.

20. Valkor either lacked the required legal rights to enter into the Agreement and fulfill its obligations under its terms, or Valkor never intended to fulfill its obligations under the Agreement.

21. On or about June 14, 2024, Plaintiffs discovered that, at all relevant times, Valkor did not and does not have the required rights relative to a designated location, i.e. the Crown Mine, including rights to Crown Mine tar sands supplies, mining rights of tar sands, and operational rights to mine, crush and supply to RASA up to 75 tons of ore per day to enter into the Agreement with Plaintiffs, and to allow RASA to perform its agreed upon operations including production of hydrocarbons from Crown Mine tar sands.

22. On or about June 14, 2024, Plaintiffs discovered that, at all relevant times, Valkor made material misrepresentations that it had the required rights relative

Doc ID: 2e3efdb937e0a57d877340b4e2e23fe2b941b31e

to the Crown Mine, including rights to Crown Mine tar sands supplies, mining rights for tar sands, and operational rights to mine, crush and supply to RASA up to 75 tons of ore per day.

23. Valkor made material misrepresentations that it had the required intent:

    a. To provide RASA a suitable location for its operation of its Mobile Unit;

    b. To provide RASA sufficient supply of tar sands for its operation of its Mobile Unit of up to 75 tons per day; or

    c. To assign to RASA the tar sand lease rights to the Tract. *See Exhibit 3, Transcript of a Recorded Conversation Between Valkor and James Rose.*

24. On or about June 14, 2024, Plaintiffs discovered that, at all relevant times, Valkor made material misrepresentations regarding Valkor's intent to comply with the terms of the Agreement.

25. In accordance with the Agreement, Plaintiffs and Valkor were to agree on a particular tract that Valkor would assign to RASA (the "Particular Tract"). That particular tract was identified as: all of the working interests and operating rights in and under certain lands situated in Township 6 South, Range 22 East (Great Salt Lake Base and Meridian), Uintah County, State of Utah, from the surface thereof down to and including a depth of 500 feet below the surface, being a part of the lands included in and covered by that certain "Utah Mineral Lease

7

for Bituminous-Asphaltic Sands," made effective as of June 1, 2021 (Mineral Lease No. 54066-OBA) and "Utah Mineral Lease for Bituminous-Asphaltic Sands," made effective as of June 1, 2018 (Mineral Lease No. 53807) between the State of Utah, acting through the School and Institutional Trust Lands Administration ("SITLA"), as lessor, and Valkor Energy Holdings, LLC, as lessee, as more particularly described as follows:

TOWNSHIP 6 SOUTH, RANGE 22 EAST (SLB&M)

- Lease ML 53807, Section 31, Tracts NWNE 40, NENE 40 and SENE 40 and

- Lease ML 54066-OBA, Section 32, Tracts SWNW 40 SENW 40, NWSE 40, SWSE 40 and SESE 40.

- Limited to the Bituminous-Asphaltic Sands ridge extending from northwest to southeast that is south of South Alahandra Ferry Road highlighted in Exhibit 5.

26. Valkor repeatedly promised to file the appropriate lease amendment documents conveying the Particular Tract to RASA including on June 17, 2024, when Valkor assured RASA that it would, without exception, file the lease amendment forms to the Particular Tract with SITLA that afternoon by 4pm. However, Valkor never filed the required lease amendment documents

conveying the Particular Tract to RASA despite repeated assurances.

27. To date, RASA has not received (a) a suitable location for its operation of its Mobile Unit, (b) any tar sands materials, or (c) an assignment of the tar sand lease rights to the Tract, and as a result, Valkor has materially failed to fulfill its obligations under the Agreement.

28. Valkor's default is ongoing now including approximately three (3) months and counting.

29. Valkor misrepresented that federal, state and local government regulatory agencies, whose approvals are necessary for the Agreement operations at Crown Mine, have been consulted and have visited Crown Mine for purposes of fulfilling its obligations under the Agreement.

30. Valkor tortiously interfered with RASA's potential business opportunities by making false and defamatory statements to at least one potential investor of RASA, including false and defamatory statements regarding qualification of RASA scientists and executives, RASA's proprietary trade secret processes, and accusations that RASA had stolen technology from Valkor. These actions were intended to dissuade and discourage the potential investor from investing in and entering into business relationships with RASA, while simultaneously attempting to persuade the investor to invest in and form a relationship with Valkor. See Exhibit 3, Transcript of a Recorded Conversation Between Valkor

and James Rose.

31. Valkor interfered with at least one potential investor of Plaintiffs to discourage investment into and business relationships with Plaintiffs while disclosing confidential information of Plaintiffs in violation of the confidentiality terms of the Agreement. See Exhibit 3, Transcript of a Recorded Conversation Between Valkor and James Rose.

32. Valkor breached its confidentiality obligations under the Agreement, including disclosure of Plaintiffs' confidential information to at least one potential investor of Plaintiffs while attempting to discourage investment into and business relationships with Plaintiffs.

33. Valkor's actions have caused significant damage to the business and business operations of Plaintiffs, which Valkor is keenly aware.

34. Plaintiffs strongly, materially and detrimentally relied upon Valkor's material misrepresentations and/or failures to disclose material facts and information relating to Valkor's ability and/or willingness and/or intent to fulfill its obligations under the terms of the Agreement including (a) to provide RASA a suitable location for its operation of its Mobile Unit; (b) to provide RASA sufficient supply of tar sands for its operation of its Mobile Unit of up to 75 tons per day; and (c) To assign to RASA the tar sand lease rights to the Tract.

35. As a result of Valkor's actions and/or inactions, RASA was forced to obtain less

Doc ID: 2e3efdb937e0a57d877340b4e2e23fe2b941b31e

desirable asphalt material rather than tar sand, ship material to Iowa, modify its machine to process asphalt rather than tar sands, and develop additional manufacturing specifications of machines being built for RASA. This has caused significant harm to Plaintiffs' business including not meeting investors' expectations regarding the type of material being processed by Plaintiffs machines, the loss of prospective business relationships, as well as revenue and profits.

36. As a result of Valkor's actions and/or inactions, RASA continues to suffer loss of prospective business relationships, investors, as well as revenue and profits.

37. Valkor's actions have caused and will continue to cause substantial harm to Plaintiffs, and, therefore, Plaintiffs seek specific performance, preliminary and permanent injunctive relief, damages, and attorney's fees and costs.

38. RASA is a corporation with less than $25,000,000.00 in assets and is not owned or controlled by a corporation or entity with assets of $25,000,000.00 or more.

Dated: 09 / 24 / 2024  
_____

_____  
**DR. DAVID E. MARTIN**  
*CEO of RASA Energy, Inc.*  
*CEO of Activate Clean Energy* LLC