IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| RASA Energy, Inc. and Activate Clean Energy, LLC, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-03620 |
| v. | § § § | |
| Valkor LLC, Valkor Oil and Gas LLC, and Valkor Energy Holdings LLC. | § § § § § | |
| *Defendants*. | § § | |

## ORDER ON MOTION TO COMPEL

On March 6, 2025, Defendant Valkor Oil and Gas LLC ("Valkor") filed a motion to compel Plaintiffs RASA Energy, Inc., et al., to supplement their responses to certain interrogatories and produce documents responsive to specific requests. Dkt. 44. After carefully considering the motion, Plaintiffs' response, Dkt. 50, Valkor's reply, Dkt. 51, and the applicable law, the Court grants Valkor's motion to compel and its request for related sanctions.

**I.   Plaintiffs cannot avoid discovery about their trade secret or confidential information.**

Valkor requests that Plaintiffs be compelled to fully answer Interrogatory Nos. 3, 7, 8, 11, and 16, and Requests for Production Nos. 2, 3, 13, 14, 17, 18, and 44. *See* Dkt. 44 at 3-15. Plaintiffs' failure to provide those

items hinges on their position that the requested information and documents constitute trade secret or confidential information that is irrelevant to Plaintiffs' claims. *See* Dkt. 50 at 2-8. But Valkor argues, and the Court agrees, that Plaintiffs' position ignores their own allegations in this suit. *See* Dkt. 51.

Plaintiffs' claims place both the nature and existence of their asserted trade secrets and confidential information at issue in this case. Their amended complaint explicitly invokes RASA Energy, Inc.'s trade secrets as a basis for Plaintiffs' claim for tortious interference with prospective business relationships:

> Valkor tortiously interfered with RASA's potential business opportunities by making false and defamatory statements to at least one potential investor of RASA, including false and defamatory statements regarding qualification of RASA scientists and executives, *RASA's proprietary trade secret processes*, and accusations that RASA had stolen technology from Valkor.

Dkt. 39 ¶ 30 (emphasis added); *see also id.* ¶ 67 (alleging that Valkor made "false and defamatory statements regarding ... RASA's proprietary information"). In addition, Plaintiffs base a breach of contract claim (Dkt. 39 ¶¶ 89-93) on Valkor's alleged wrongful disclosure of unspecified confidential information:

> Valkor interfered with at least one potential investor of Plaintiffs to discourage investment into and business relationships with Plaintiffs while disclosing *confidential information* of Plaintiffs in violation of the confidentiality terms of the agreement. ...

> Valkor breached its confidentiality obligations under the Agreement, including disclosure of Plaintiffs' *confidential information* to at least one potential investor of Plaintiffs while attempting to discourage investment into and business relationships with Plaintiffs.

*Id.* ¶¶ 31, 32 (emphasis added); *see also id.* ¶ 91 (asserting that Defendants' disclosure of unspecified "confidential information" breached the agreement). Plaintiffs cannot hide behind a "trade secret" or "confidential" label to avoid disclosing the very information they tout as a basis for recovery.

Valkor's counterclaim reinforces why Plaintiffs' asserted trade secrets and confidential information are proper subjects of discovery. According to Valkor's allegations, the co-founder of Plaintiff Activate Clean Energy, William Wismann, plagiarized the underlying and disputed technology from prior patents authored by others. Dkt. 46 ¶¶ 19-24; *see also* Dkt. 51 at 2 & n.4 (citing publicly-filed declaration). This allegation forms a core component of Valkor's counterclaim that Plaintiffs fraudulently induced Valkor into entering an agreement by "passing off expired patents" as Plaintiffs' own. *See* Dkt. 46 ¶ 80. That allegation, if proven true, would invalidate Plaintiffs' contention that the technology qualifies for trade secret protection. *See* Dkt. 51 at 2 (Valkor making this point). Thus, even apart from Plaintiffs' allegations, Valkor's

counterclaim entitles it to discover the premise and existence of Plaintiffs' purported trade secrets.[1]

Plaintiffs' further contention that disclosing their trade secrets to Valkor risks destroying the secrets' value cannot be squared with the December 30, 2024 protective order. The protective order provides an avenue wherein a party can designate, as "Highly Confidential Information," documents containing "trade secrets, confidential research and development" and other "highly sensitive or trade secrets information ...." Dkt. 23 at 2 ¶ 2(B). Documents marked as "Highly Confidential Information" cannot be disclosed to or shared with the opposing party itself, *see id.* at 6 ¶ 6(C), and their use is limited to this litigation, *see id.* at 5 at ¶ 6(A). Those provisions provide ample safeguards against the improper use and disclosure of trade secret or other sensitive information.

In short, Plaintiffs cannot avoid their discovery obligations by asserting that the information sought amounts to trade secrets or is otherwise confidential. Their contrary position is groundless. Plaintiffs must provide

---

[1] Indeed, Plaintiffs' contention that Defendants must "already possess the information sought in their interrogatories" does not justify their failure to provide the requested information. *See* Dkt. 50 at 6. Nowhere do the Federal Rules of Civil Procedure relieve a party of its obligation to produce a document or information sought through a proper request just because the requesting party may have it, too.

full and direct answers to Interrogatory Nos. 3, 7, 8, 11, and 16 and produce all documents responsive to Request Nos. 2, 3, 13, 14, 17, 18, and 44.

## II. Plaintiffs also must provide all documents responsive to other requests for production and amend their responses to state whether documents are being withheld.

Valkor also complains that Plaintiffs have not produced documents responsive to Requests for Production Nos. 21, 31, 32, 50, 51, 52, and 53. *See* Dkt. 44 at 10-13. Invoking Rule 34(b)(2)(C), Valkor further requests that Plaintiffs be required to affirmatively state whether they are withholding any responsive materials. *See id.* at 13.

With respect to RFP Nos. 21, 31, 32, 52 and 53, Plaintiffs maintain that they have already produced all responsive documents. Because nothing in the record suggests otherwise, there is nothing more to compel for those requests.

As for RFP Nos. 50 and 51, the Court has rejected Plaintiffs' position that trade secret information can properly be withheld. *Compare* Dkt. 50 at 8, *with supra* Part I. Responsive documents must be produced.

As a final matter, Plaintiffs contend that they are not withholding any responsive documents that would require them to state so under Fed. R. Civ. P. 34(b)(2)(C). *See* Dkt. 50 at 9. But Plaintiffs have laundry-listed objections to *every* request for production. *See* Dkt. 44-5. For some of the RFPs, Plaintiffs have stated that they are refusing to produce responsive documents. For others, however, Plaintiffs' response fails to indicate whether they are

producing responsive documents. *See, e.g.*, *id.* at 37-38 (response to RFP No. 53, mounting numerous objections); *see also, e.g.*, *Cole v. Collier*, 2020 WL 2813454, at *7 (S.D. Tex. May 28, 2020) (ordering party to supplement responses to RFPs to indicate whether they are "withholding documents based on objections when they were withholding documents"). Plaintiffs have also included improper language stating that they are producing documents "[s]ubject to and without waiving" their objections, which injects further confusion as to what has been produced or withheld. *See, e.g.*, *Shintech Inc. v. Olin Corp.*, 2023 WL 6807006, at *5 (S.D. Tex. Oct. 16, 2023) (same observation, further cautioning that "litigants should never use 'subject to' or 'without waiver' language in response to a written discovery request").

For transparency, Plaintiffs must amend all answers to RFPs to clearly state whether they are withholding documents responsive to a specific discovery request.[2] And if no responsive documents exist, then Plaintiffs must say so explicitly.

### III. Plaintiffs' discovery deficiencies merit fee-shifting, but only in part.

Plaintiffs baseless withholding of documents on trade-secret or confidentiality grounds justifies Valkor's request for sanctions.

---

[2] Of course, Plaintiffs *cannot* withhold any documents on the basis that they contain trade-secret or confidential information, as concluded above.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states that, upon granting a motion to compel production, "or if the disclosure or requested discovery is provided after the motion was filed," a court "*must*, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Fee-shifting is mandatory unless (a) the movant failed to attempt in good faith to obtain discovery before filing the motion; (b) the non-disclosure was "substantially justified"; or (c) some other circumstance would make an award of expenses unjust. *See id.*

Plaintiffs' invocation of "good faith," Dkt. 50 at 11, does not equate to *substantial justification* for refusing to provide plainly relevant information and documents. And it is apparent that Plaintiffs continued to maintain their groundless objections despite Valkor's efforts to confer. Under these circumstances, failure to impose fee-shifting would be unjust. Plaintiffs must pay the reasonable attorneys' fees that Valkor incurred seeking relief from this Court, but only with respect to Valkor's challenge to Plaintiffs unjustifiable withholding of trade-secret or confidential information.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant Valkor Oil and Gas LLC's motion to compel discovery (Dkt. 44) is **GRANTED** in material part. Plaintiffs must, no later than **April 30, 2025:**

- provide full answers to Interrogatory Nos. 3, 7, 8, 11 and 16;

- produce all documents responsive to Requests for Production Nos. 2, 3, 13, 14, 17, 18, 44, 50, and 51; and

- supplement their responses to Valkor's Requests for Production to explicitly state whether documents are being withheld, or to state that Plaintiffs have no responsive documents if no such documents exist.

It is further **ORDERED** that Plaintiffs must pay Defendant Valkor Oil and Gas LLC's reasonable attorneys' fees incurred preparing the portions of its motion to compel and reply that dispute Plaintiffs' withholding of documents and information on trade-secret or confidentiality grounds. Valkor's fee application is due on **April 14, 2025**, and Plaintiffs' response is due on **April 28, 2025**. No reply will be entertained.

Signed on March 31, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge